UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL CARROLL,

                Plaintiff,                                      Hon. Hala Y. Jarbou

v.                                                Case No. 1:20-cv-700

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining

whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision.   *Id.* at 224-25.   Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.   *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility.   *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017).   The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference.   *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018).   This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.   *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## **BACKGROUND**

Plaintiff was 48 years of age on her alleged disability onset date.   (ECF No. 12-5, PageID.230).   She successfully completed high school and worked previously as a medical assistant, bartender, and nurse's assistant.   (ECF No. 12-2, PageID.58-59).   Plaintiff applied for benefits on January 11, 2017, alleging that she had been

disabled since January 24, 2016, due to arthritis, fibromyalgia, depression, and pain in her neck, back, shoulder, and hip.   (ECF No. 12-5, 12-6, PageID.230-39, 274).

Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ).   Following an administrative hearing, ALJ David Read, in an opinion dated April 25, 2019, determined that Plaintiff did not qualify for disability benefits.   (ECF No. 12-2, PageID.50-99).   The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision.   (*Id.*, PageID.36-40).   Plaintiff later initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.   *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).   If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.   *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).   The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity.   *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate that she is entitled to disability benefits, and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful

employment existing in significant numbers in the national economy.    *See* 42 U.S.C. § 423(d)(2)(A).    While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined.    *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: (1) fibromyalgia, and (2) degenerative joint disease of the left hand and wrist, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.    (*Id.,* PageID.53-54).

With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she is able to handle and finger items frequently with her left (non-dominant) hand; (2) she can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; (3) she can occasionally balance, stoop, kneel, crouch, and crawl; (4) she can never work at unprotected heights; and (5) she will be off-task, in addition to normal breaks, no more than five percent during an 8-hour workday. (*Id.,* PageID.54-55).

Based on the testimony of a vocational expert, the ALJ found that Plaintiff could perform her past relevant work as a medical assistant. (*Id.,* PageID.59-60, 93-95). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.    Treating Physician Doctrine

On January 10, 2019, Dr. Douglas Colberg completed a report regarding Plaintiff's ability to perform work-related activities. (ECF No. 12-12, PageID.734-38). The doctor reported that Plaintiff experienced extreme work-preclusive limitations. The ALJ afforded "little weight" to Dr. Colberg's observations. (ECF No. 12-2, PageID.57-58). Plaintiff argues that the ALJ erred by failing to afford controlling weight to the opinions of her treating physician.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Secretary of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citation omitted). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Ibid.* (citation omitted). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment

-6-

relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors.  *Ibid.* (citing 20 C.F.R. § 404.1527).  While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment.  *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

Dr. Colberg reported that during an 8-hour workday, Plaintiff can stand/walk "less than 2 hours."  (ECF No. 12-12, PageID.735-36).  The doctor declined to indicate how long Plaintiff can sit during an 8-hour workday.  (*Id.,* PageID.736).  The doctor reported that Plaintiff would be required to take "12 or more" unscheduled breaks during the workday.  (*Id.,* PageID.736).  The doctor reported that Plaintiff "must lie down/recline" "more than 3 hours" during an 8-hour workday.  (*Id.,* PageID.735).

The ALJ discounted Dr. Colberg's opinion on the ground that it was "not supported or consistent with" the medical evidence, including Dr. Colberg's treatment notes.  This conclusion is supported by substantial evidence.  Multiple examinations revealed unremarkable findings including normal strength and range of motion.  (ECF No. 12-8, 12-9, 12-10, 12-11, PageID.377, 450, 460, 463, 549, 566, 569, 601, 611).  Nerve conduction studies of Plaintiff's lower extremities were

"normal" with "no evidence of neuropathy."  (ECF No. 12-11, PageID.579).   X-rays of Plaintiff's feet revealed only "mild" findings.   (ECF No. 12-12, PageID.717). Multiple examinations revealed that Plaintiff was experiencing "no motor difficulties" and "no difficulties. . .with her gait and posture."  (ECF No. 12-11, PageID.594, 601, 622).   Plaintiff's fibromyalgia was also characterized as "stable" with medication.   (ECF No. 12-12, PageID.660, 749).   One examiner also observed that Plaintiff exhibited "possible symptom exaggeration" for "secondary gain." (ECF No. 12-8, PageID.434).   Finally, as the ALJ noted, Dr. Colberg completed the report in question with Plaintiff's "assistance."   (ECF No. 12-2, 12-12, PageID.58, 749, 752).

In sum, the ALJ articulated good reasons, supported by substantial evidence, to discount Dr. Colberg's opinions.   Plaintiff has failed to identify any error in the ALJ's assessment, but instead merely urges this Court to re-weigh the evidence and reach a different conclusion.   As already noted, however, this Court is not permitted to re-weigh the evidence.   Accordingly, this argument is rejected.

## II.    The ALJ Properly Evaluated Plaintiff's Impairments

Plaintiff next argues that she is entitled to relief because the ALJ failed to find that her obesity or attention deficit hyperactivity disorder (ADHD) constituted severe impairments.   At step two of the sequential disability analysis articulated above, the ALJ must determine whether the claimant suffers from a severe impairment.   The Sixth Circuit has held that where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps

of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision.    *See Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *Kestel v. Commissioner of Social Security*, 756 Fed. Appx. 593, 598 (6th Cir., Nov. 29, 2018) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments. . .does not constitute reversible error").

Here, the ALJ determined that Plaintiff suffered from severe impairments at step two of the sequential analysis and continued with the remaining steps thereof, considering in detail the medical evidence of record.    Plaintiff has failed to identify evidence demonstrating that her obesity or ADHD imposes on her any limitations which are inconsistent with her RFC.    Regarding her obesity, Plaintiff cites to a treatment note encouraging her to participate in an exercise program to achieve weight loss and pain relief.    (ECF No. 12-9, PageID.451).    As for her ADHD, Plaintiff cites to the results of testing which "suggests an attention problem, including ADHD."    (ECF No. 12-8, PageID.434).    This examiner, however, also noted that Plaintiff's performance during the examination suggested "symptom exaggeration."    (*Id.,* PageID.438).    The examiner concluded that Plaintiff needed to participate in a follow-up examination with a "health professional" to obtain a "proper diagnosis."    (*Id.,* PageID.439).    As Defendant notes, there is no indication that Plaintiff ever complied with this directive.

Thus, even if it is assumed that the ALJ erred in failing to find that obesity and ADHD constituted severe impairments, Plaintiff is not entitled to relief. The ALJ considered the entire record and there is no evidence that these impairments limit Plaintiff to a degree greater than the ALJL recognized in his RFC assessment. This argument is, therefore, rejected. *See Kestel*, 756 Fed. Appx. at 598; *see also*, *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (recognizing that the harmless error doctrine is intended to prevent reviewing courts from becoming "impregnable citadels of technicality").

## III.    Plaintiff's Residual Functional Capacity

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). The ALJ found that Plaintiff retained the ability to perform a limited range of medium work. Plaintiff argues that the ALJ erred by failing to consider her need for an assistive device. As discussed above, however, the record does not support the argument that Plaintiff requires an assistive device. The ALJ's RFC assessment is supported by substantial evidence. Accordingly, this argument is rejected.

-10-

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within such time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: December 1, 2021

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge