UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL CARROLL,

       Plaintiff,

                                    Case No. 1:20-cv-700

v.

                                      Hon. Hala Y. Jarbou

ANDREW M. SAUL,
Commissioner of Social Security,

       Defendant.

_____/

## ORDER

      This is an action for review of the Commissioner of Social Security's denial of Plaintiff's claim for disability benefits.  The magistrate judge issued a Report and Recommendation (R&R, ECF No. 21) recommending that the Court affirm the Commissioner's decision.  Before the Court are Plaintiff's objections to the R&R (ECF No. 22).  For the reasons herein, the Court will deny the objections and adopt the R&R.

### I. Standard

      Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct *de novo* review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

      Furthermore, as the magistrate judge recognized, this Court's review of the Commissioner's decision "is limited to determining whether the Commissioner applied the proper

legal standards and whether there exists in the record substantial evidence supporting that decision." *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 224-25 (6th Cir. 2019).

## II. Objections

### A. Treating Physician Doctrine

Plaintiff argues that the administrative law judge ("ALJ") failed to apply the "treating physician doctrine" to her pain and fibromyalgia. (*See* Pl.'s Objs. 2, ECF No. 22.) Plaintiff asserts that the ALJ and the magistrate judge erroneously disregarded the opinions of Plaintiff's treating physician, Dr. Colberg, "without specific citation." (*Id.* at 3.) Plaintiff is mistaken. The R&R included several citations to the record supporting the ALJ's assessment. (*See* R&R 7-8.) And the ALJ also noted that Plaintiff's

> treating sources generally have not reported observing any of the signs frequently present in an individual suffering from severe and disabling pain, as alleged by the claimant. These include weight loss, premature aging, muscle atrophy[,] or facial expressions such as grimacing. Instead, the claimant is generally described as alert, oriented, well nourished, and in no acute distress. (EX. 3F/4; 4F/2, 4, 7; 5F/37).

(ALJ Decision, ECF No. 12-2, PageID.56.) Thus, contrary to Plaintiff's assertion, both the ALJ and the magistrate judge cited support in the record for their conclusions.

Plaintiff further argues that the ALJ and the magistrate judge did not consider the fact that the symptoms of fibromyalgia can vary, and that Defendant must consider "a longitudinal record whenever possible because the symptoms of fibromyalgia can wax and wane so that a person may have 'bad days and good days.'" (Pl.'s Objs. 3 (quoting *Soc. Sec. Ruling, SSR 12-2p; Titles II & XVI: Evaluation of Fibromyalgia*, SSR 12-2P, 2012 WL 3104869, at *6 (S.S.A. July 25, 2012)).) Plaintiff asserts that her medical records demonstrate that the disabling effects of her fibromyalgia were sufficient "for the ALJ to find [that the fibromyalgia] is a severe impairment." (*Id.*)

Plaintiff waived this argument by not presenting it to the magistrate judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the

Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.")  Plaintiff never argued that the ALJ failed to properly apply SSR 12-2p.

Furthermore, the ALJ concluded that Plaintiff's fibromyalgia was a severe impairment, so Plaintiff's objection is misplaced.  (*See* ALJ Decision, PageID.53.)

### B. Obesity

Plaintiff argues that the ALJ failed to consider information from Plaintiff's rheumatologist, Dr. Hall, when determining the severity of the pain and impairment caused by Plaintiff's obesity. The magistrate judge noted that "Plaintiff has failed to identify evidence demonstrating that her obesity . . . imposes on her any limitations that are inconsistent with her [residual functional capacity ("RFC")]."  (R&R 9.)  Plaintiff cited a doctor's recommendation that Plaintiff lose weight to relieve pain associated with osteoarthritis.  Plaintiff did not draw a connection in the record between her weight and her limitations.  (*Id.*)  The Court discerns no error in the magistrate judge's analysis.

### C. ADHD

Similarly, Plaintiff contends that the ALJ failed to consider information about her attention problems.  As the magistrate judge noted, however, Plaintiff cited the results of a test for ADD/ADHD in which the examiner noted that Plaintiff's performance during that test suggested "possible symptom exaggeration" and the examiner recommended a follow-up with a "health professional" to obtain a "proper diagnosis."  (Admin R., ECF No. 12-8, PageID.438-439.)  Thus, these preliminary, questionable test results do not undermine the ALJ's conclusions.  In addition, as with her obesity, Plaintiff failed to identify evidence that her ADHD was inconsistent with her RFC.  (*See* R&R 9.)

Plaintiff argues that her responses at the hearing in front of the ALJ demonstrate that she "frequently lost sight of the questions she was answering" and that "her answers are frequently to some other question or concern of hers." (Pl.'s Objs. 4.)  However, even if Plaintiff occasionally went off topic or forgot the original question, her overall testimony at the hearing does not suggest an inability to pay attention.  The ALJ correctly noted that she

> was able to provide detailed background information on her work history and her impairments.  [Her] thought content was logical and well organized.

(ALJ Decision, PageID.54.)  Thus, Plaintiff's objection is unpersuasive.

### D. Residual Functional Capacity

Plaintiff argues that the ALJ erred by failing to consider her need for an assistive device when walking, as prescribed by one of her treating physicians and recommended by a consultative examiner.  However, the magistrate judge correctly concluded that the ALJ's RFC assessment is supported by substantial evidence because the medical record did not support a need for an assistive device.  (*See* R&R 10.)  "The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence."  (R&R 6 (citing *Cohen v. Sec'y of Dep't of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286-87 (6th Cir. 1994).)

Here, one physician temporarily prescribed Plaintiff a walker in June 2017 because Plaintiff reported a loss of balance (Admin R., PageID.571), and another physician, Jessica West, noted in August 2017 that Plaintiff's gait is "wide based" and that she "does use an assistive device for ambulation."  (*Id.*, PageID.600.)  West also noted that Plaintiff had difficulty "getting on and off the exam table" and that she was "unable to complete heal and toe walking and squatting due

to instability and pain." (*Id.*, PageID.601.) West concluded that a walker was "required" in these circumstances. (*Id.*, PageID.602.)

> However, the ALJ discounted these opinions for the following reasons:

> Vertigo is either a non-medically determinable impairment or non-severe. The medical record demonstrated no clear etiology for the claims of vertigo. While the claimant reported having multiple falls due to imbalance, she does not follow up with her neurologist (EX. 7F/1; 9F/1). On July 19, 2017 she complained of vertigo and poor balance and was temporarily prescribed a walker (7F/3). It should be noted that on the next day, July 20, 2017, the claimant was observed to have driven herself to her appointment and exhibited no difficulty with her gait, posture or motor skills (8F/3). Her recent treatment notes generally do not mention vertigo or poor balance. Overall, she was generally noted to have normal gait (EX. 5F/16; 8F/3; 11F/15).

(ALJ Decision, PageID.53.) The ALJ also noted the following:

> At the hearing, the claimant presented using a walker, and she testified that she regularly requires an assistive device to walk. However, her treatment notes routinely show that she was able to ambulate unassisted with a normal gait (EX. 5F/16; 8F/3; 9F/2, 4; 11F/15; 12F/12). The prescription for the walker, cited by the claimant's representative, shows that the prescription stopped in June 2018 (Ex. 7F/3). She indicated that she is able to walk only 10 feet, but even near the time she was temporarily prescribed the walker the evaluation observed her walking 200 feet before stopping (Hearing Testimony; EX. SE; 7F/10). Her treatment notes routinely show that she has adequate range of motion and strength (EX. 3F/9; 4F/2, 4, 7; 5F/34; 15F/5).

(*Id.*, PageID.56.) The records cited by the ALJ support his statements. Thus, the ALJ's reasons for discounting the opinions of Plaintiff's treating/examining physicians are clear and the ALJ's conclusion that Plaintiff did not require a walker is properly supported by substantial evidence that contradicts those opinions.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to the R&R (ECF No. 22) are **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 21) is **ACCEPTED** and **ADOPTED** as the opinion of the Court.

A judgment will enter consistent with this Order.


Dated:  January 26, 2022                    /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            UNITED STATES DISTRICT JUDGE